A00A0070. NIX v. COX ENTERPRISES, INC. et al.
(529 SE2d 426)

ELDRIDGE, Judge.

Franklin R. Nix, an attorney, sued Cox Enterprises, Inc. d/b/a Atlanta Constitution, Atlanta Journal, and Atlanta Journal-Constitution and Rochelle Bozman for libel per se in placing him in a false light by listing him in two published articles on March 9, 1998, as one of seven examples of rogue lawyers and in accusing him of attempting to solicit clients from another lawyer. The defendants placed his name immediately after the account of six lawyers charged with stealing their clients' money or convicted of felonies. The article also stated that these rogue lawyers needed policing, were crooked, inept, arrogant, dishonest, or did shoddy work. The defendants charged Nix with soliciting another lawyer's clients and, immediately after listing such examples of rogue lawyers, inserted two lines regarding litigation between Nix and another lawyer over communication with the other lawyer's client without dissociating language, so that any reader could infer that the examples and statements about rogue lawyers also referred to Nix as coming within the same description of characteristics of the rogue lawyer listed before him. The article read as follows:

> Another attorney, Franklin R. Nix, was scolded publicly by Fulton Superior Court Judge Wendy L. Shoob when Nix solicited business by sending letters to disgruntled Olympic vendors urging them to drop their current attorney and bring their business to them. Nix invoked the name of defense attorney Bobby Lee Cook in the letter to convince the potential clients to jump ship, and the attorney whose clients received the letters, Louis Levenson, has sued Nix, alleging tortious interference with his contracts and defamation. Both lawsuits are pending in Fulton Superior Court.

Nix stated his complaint under three theories of liability: defamation, invasion of privacy, and intentional infliction of emotional

distress. The defendants answered and filed a motion to dismiss. The defendants attached to their answer some 31 pages of exhibits: copies of the articles, a Fulton County Daily Report story about the lawsuit between Levenson and Nix, and copies of related correspondence. To the brief in support of the motion to dismiss, the defendants also attached 195 pages of articles, correspondence, the entire record of the *Levenson v. Nix* litigation with the other lawyer in Fulton Superior Court, as well as the transcript of the hearing in such case. Nix filed his affidavit with exhibits attached.

On July 31, 1998, the trial court entered an order dismissing plaintiff's complaint. On August 28, 1998, Nix appealed. While the trial court's order made no mention of reliance on matters outside the record, the defendants' motion and brief had as the basis of their defense that there had been an accurate reporting of what took place in the litigation in *Levenson v. Nix*, which could not be determined absent reference to such matters outside the pleadings.

Nix's sole enumeration of error is that the trial court erred in dismissing his complaint for failure to state a claim upon which relief can be granted. We vacate and remand because the trial court, of necessity to reach this judgment, considered matters outside the pleadings to determine to dismiss the complaint without first giving notice and time to respond that the motion would be treated as a motion for summary judgment.

The defendants assert in their answer and brief in support of their motion to dismiss defenses that what they published came out in the pending lawsuit, *Levenson v. Nix*, and that it was substantially accurate. Consideration of the answer would make the motion one for judgment on the pleadings. OCGA § 9-11-12 (c). Consideration of matters outside the pleadings also converts such motion to one for summary judgment. OCGA § 9-11-12 (c). To determine such defenses on motion to dismiss for failure to state a claim or judgment on the pleadings instead of on summary judgment, however, requires that the trial court go outside the complaint/answer and examine the exhibits attached to the brief in support of the motion to dismiss. See OCGA §§ 9-11-12 (b), (c); 9-11-56.

Under OCGA § 9-11-12 (b) (6), considering such matters outside the pleadings converts the motion to dismiss into a motion for summary judgment under OCGA § 9-11-56, requiring notice of the conversion of the motion and an opportunity to submit evidence and to be heard within 30 days. See *Blasingame v. Blasingame*, 249 Ga. 791, 792 (294 SE2d 519) (1982); *Davidson v. American Fitness Centers*, 171 Ga. App. 691, 692-693 (2) (320 SE2d 824) (1984); see also *Charming Shoppes v. Black*, 252 Ga. 207, 208 (312 SE2d 604) (1984). The trial court did not do this and entered the order as a grant of a motion to dismiss, although to do so, the trial court had to consider

matters not in the pleadings, i.e., evidence that the article was based upon a judicial proceeding and was substantially accurate.

Despite the differences from federal practice in regard to a motion for dismissal for failure to state a claim, the defendants invite this Court to depart from long-established Georgia law and practice and to look to federal cases that allow on motion to dismiss consideration of "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F3d 449, 454 (9th Cir. 1994). Defendants proffer the entire transcript and record of *Levenson v. Nix*, which were outside the pleadings. Such practice is not proper in Georgia absent consent of the parties to convert the motion into one for summary judgment, which did not occur here. Such practice denies the respondent notice and opportunity to submit evidence on a timely motion for summary judgment. See *American Car Rentals v. Walden Leasing*, 215 Ga. App. 621, 622 (451 SE2d 537) (1994); *Sibley v. City of Atlanta*, 152 Ga. App. 723, 724 (4) (263 SE2d 698) (1979); *Myers v. McLarty*, 150 Ga. App. 432, 433-434 (258 SE2d 56) (1979). Absent the transcript of the proceedings in the superior court, the trial court would not be authorized to grant the motion to dismiss or judgment on the pleadings, because a motion to dismiss with prejudice "should not be granted unless the *averments* in the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of the claim." (Citations omitted; emphasis in original.) *Sumner v. Dept. of Human Resources*, 225 Ga. App. 91, 92 (1) (483 SE2d 602) (1997).

Under OCGA § 9-11-12 (b) (6), a motion to dismiss for failure to state a claim upon which relief can be granted should be sustained only when (1) the allegations of the complaint disclosed with certainty that the plaintiff would not be entitled to relief under any state of provable facts asserted in support of the claim and (2) the movant established that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. In deciding such motion, all pleadings must be construed most favorably to the party who filed them, and all doubts regarding the pleadings must be resolved in the filing party's favor. *Mooney v. Mooney*, 235 Ga. App. 117 (508 SE2d 766) (1998); see also *Anderson v. Flake*, 267 Ga. 498, 501 (2) (480 SE2d 10) (1997); *Cellular One v. Emanuel County*, 227 Ga. App. 197-198 (489 SE2d 50) (1997). In this case, the trial court failed to make such favorable inferences in regard to the issues of defamation or to follow the standard for granting a motion to dismiss.

Where the trial court considers matters outside the pleadings, as in this case, the motion to dismiss becomes a motion for summary judgment and shall be treated under OCGA § 9-11-56. See OCGA § 9-

11-12 (b); *Sumner v. Dept. of Human Resources*, supra at 92-94 (2). The trial court shall give 30 days notice from the time the court considers matters outside the pleadings sua sponte converting the motion to dismiss into a motion for summary judgment to permit the respondent an opportunity to respond as required under OCGA § 9-11-56. Id. at 93. Here the record is silent as to notice being given to the plaintiff by the trial court of such intent to change the nature of the motion.

The judgment in this case is hereby vacated and the case remanded with the direction that the trial court reconsider the motion to dismiss. If the trial court again determines that matters are to be considered and the motion to dismiss or judgment on the pleadings is to be converted as a motion for summary judgment, Nix shall then be given the requisite statutory notice and opportunity to present evidence prior to any ruling being made as to the disposition of said motion.

*Judgment vacated and case remanded with direction. Blackburn, P. J., and Barnes, J., concur.*

DECIDED FEBRUARY 9, 2000 —
RECONSIDERATION DENIED FEBRUARY 28, 2000 —

*Garland, Samuel & Loeb, Edward T. M. Garland, Nelson O. Tyrone III*, for appellant.

*Dow, Lohnes & Albertson, Peter C. Canfield, Thomas M. Clyde*, for appellees.