A00A1434. BAKHTIARNEJAD v. COX ENTERPRISES, INC. et al.
(541 SE2d 33)

PHIPPS, Judge.

Shahriyar Bakhtiarnejad appeals an order of the trial court dismissing his claims for defamation and intentional infliction of emotional distress against Cox Enterprises, Inc. d/b/a the Atlanta Journal-Constitution and staff writer Michael Weiss (hereinafter collectively "Cox"). The court dismissed the case after consideration of Cox's motion to dismiss for failure to state a claim upon which

relief could be granted.[1] We find that the motion to dismiss was converted into a motion for summary judgment, and we reverse because we find that neither summary judgment nor dismissal was warranted based on the allegations in Bakhtiarnejad's complaint and the evidence in the record. Because we find that the motion was converted into one for summary judgment, we also deny Cox's motion to dismiss this appeal on the ground that it is premature.

Bakhtiarnejad operated a tae kwon do academy in Gwinnett County. On June 19, 1998, S. R. M., a 15-year-old student at the academy, reported to police that during the previous roughly six and one-half months, Bakhtiarnejad had sexually harassed her, fondled her several times and on one occasion forced her to have oral sex with him. Subsequently, S. R. M. was interviewed by Gwinnett County Detective Michael Mirolli, and on August 19, Mirolli procured arrest warrants for Bakhtiarnejad for child molestation and aggravated child molestation.

Weiss obtained copies of the arrest warrants, pertinent affidavits and an incident report. On August 20, Weiss called Mirolli and said that he wanted to print an article about the matter. Mirolli told Weiss that the charges made in the warrants were based solely on S. R. M.'s statements to police and that Bakhtiarnejad had not been questioned or arrested yet. Mirolli further told Weiss not to print anything until he had heard back from him. After initially saying that he would assume it was okay to print a story if he had not heard from Mirolli by a certain time, Weiss agreed to wait until he had heard back from Mirolli.

Later on August 20, Mirolli interviewed Bakhtiarnejad. Shortly after beginning the interview, Mirolli developed serious doubts about the truthfulness of S. R. M.'s allegations. He took a break in the interview and called Weiss, leaving Weiss a voice message saying "do not print anything" because he probably would be withdrawing the warrants. Mirolli did not hear back from Weiss.

The next morning, Mirolli went before a Gwinnett County magistrate and formally withdrew the warrants. That same day, an article authored by Weiss entitled "Martial Arts Instructor Accused of Molesting Girl" appeared in the Gwinnett County Extra section of the Atlanta Journal-Constitution. The following day, August 22, Weiss published an article in the Gwinnett County Extra entitled "Child Molestation Charges Dismissed." On August 30, the Atlanta Journal-Constitution published a letter to the editor entitled "Martial Arts Teacher Clearly a Man of Highest Character."

On October 12, Bakhtiarnejad, through his attorney, demanded

---

[1] See generally OCGA § 9-11-12 (b) (6).

a retraction from the Atlanta Journal-Constitution. The Atlanta Journal-Constitution refused, asserting that the information contained in the original article was correct.

On December 17, Bakhtiarnejad filed an action for defamation and intentional infliction of emotional distress against Cox, Mirolli and S. R. M. S. R. M. filed counterclaims against Bakhtiarnejad based on sexual assault. Bakhtiarnejad later voluntarily dismissed Mirolli from the suit.

Cox answered and filed a motion to dismiss for failure to state a claim upon which relief could be granted. It attached numerous documents to its answer and brief in support of the motion to dismiss — the incident report, the warrants, the warrant affidavits, an affidavit regarding pretrial release, the order recalling the warrants, the newspaper articles and written correspondence between counsel regarding Bakhtiarnejad's demand for a retraction. The motion to dismiss was granted.

Bakhtiarnejad appeals the dismissal of his defamation claim. He does not challenge the dismissal of his claim for intentional infliction of emotional distress.

1. Fair and honest reports of court proceedings and truthful reports of information received from arresting officers or police authorities are considered privileged communications.[2] The court's order granting the motion to dismiss reflects that it compared the substance of the challenged article to the incident report, the affidavits, the warrants and Mirolli's answer, which was also a part of the pleadings, and determined that the challenged article accurately reported the contents of the court records and Mirolli's statements. The court rejected Bakhtiarnejad's assertion that applicability of the fair report privilege was conditioned upon the absence of actual malice; it further found that Bakhtiarnejad had failed to make specific allegations in support of his claim of actual malice and that the pleadings did not establish any set of facts from which he could make such a showing. Consequently, the court dismissed the defamation claim. It dismissed the intentional infliction of emotional distress claim because a defamation action is the legal remedy where one allegedly is injured by words published to a third person.[3]

> "A motion to dismiss for failure to state a claim upon which relief may be granted should not be sustained unless (1) the allegations of the complaint disclose with certainty

---

[2] See OCGA § 51-5-7 (6), (8); see generally *Cox Broadcasting Corp. v. Cohn*, 420 U. S. 469, 496 (95 SC 1029, 43 LE2d 328) (1975).

[3] See *Munoz v. American Lawyer Media*, 236 Ga. App. 462, 465 (1) (b) (512 SE2d 347) (1999).

that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof, and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. In deciding a motion to dismiss, all pleadings are to be construed most favorably to the party who filed them, and all doubts regarding such pleadings must be resolved in the filing party's favor. [Cit.]" [Cit.][4]

If, on a motion to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Code Section 9-11-56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Code section 9-11-56.[5]

The trial court shall give 30 days notice from the time the court considers matters outside the pleadings, sua sponte converting the motion to dismiss into a motion for summary judgment, to permit the respondent an opportunity to respond as required under OCGA § 9-11-56.[6]

However, "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."[7] In considering a motion to dismiss for failure to state a claim for which relief can be granted, a trial court may properly consider exhibits attached to and incorporated into the pleadings.[8]

The court's order indicates that in addition to considering the attachments to Cox's answer, it also read Mirolli's deposition which had not been incorporated into the pleadings. The order states:

[Bakhtiarnejad] cites to the deposition of Defendant Mirolli in support of his contention that the Journal-Constitution Defendants acted with actual malice in the present case.

---

[4] *Mooney v. Mooney*, 235 Ga. App. 117 (508 SE2d 766) (1998).

[5] OCGA § 9-11-12 (b).

[6] *Nix v. Cox Enterprises*, 242 Ga. App. 515, 518 (529 SE2d 426) (2000), cert. granted, *Cox Enterprises v. Nix*, 242 Ga. App. 913 (2000).

[7] OCGA § 9-11-10 (c).

[8] Cf. *Lewis v. Turner Broadcasting System*, 232 Ga. App. 831, 832 (2) (503 SE2d 81) (1998) (on a motion for judgment on the pleadings, court may consider exhibits attached to and incorporated into the pleadings); *Davidson v. American Fitness Centers*, 171 Ga. App. 691, 692 (2) (320 SE2d 824) (1984) (motion to dismiss converted into motion for summary judgment because letter considered by court had not been incorporated into pleadings).

Although Defendant Mirolli's deposition is not relevant to the present motion to dismiss and was not necessary to the Court's ruling, the Court's review of the deposition leads it to conclude that nothing contained therein is supportive of plaintiff's contention that dismissal is improper or that further discovery is warranted. [Cit.]

Despite the declaration that Mirolli's deposition was irrelevant and unnecessary to the court's ruling, it *was* considered by the court and not excluded. Thus, we find that the motion was converted into a motion for summary judgment.

Summary judgment is properly granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[9] "[T]he opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions arising therefrom most favorably toward the party opposing the motion. [Cit.]"[10]

A study of Mirolli's deposition reveals that there is a genuine issue as to whether Weiss accurately reported Mirolli's statements. According to his deposition, Mirolli told Weiss during their phone conversation that the charges leveled against Bakhtiarnejad in the court documents were based solely on the uncorroborated allegations of S. R. M. It further appears that although Mirolli had sworn in warrant affidavits that to the best of his knowledge and belief Bakhtiarnejad had committed acts of child molestation and aggravated child molestation against S. R. M., he was not willing during his conversation with Weiss to go on record as saying the allegations were true. Yet, Weiss printed an article saying:

Bakhtiarnejad fondled the girl and forced her to perform a sex act on him in the women's locker room of the academy, said Detective Mike Mirolli. . . . Bakhtiarnejad, a friend of the girl's family, warned her that if she told her parents, she would be disgraced in their eyes, Mirolli said. . . . "That's what he was holding above her head," Mirolli said. . . . He also threatened to return to his native Iran if police were involved, Mirolli said.

Even taking into consideration the warrant affidavits completed by Mirolli, there remains a genuine issue as to whether Weiss and the

---

[9] OCGA § 9-11-56 (c).

[10] *Gill v. Cooper Tire &c. Co.*, 231 Ga. App. 482, 484 (1) (499 SE2d 85) (1998).

Atlanta Journal-Constitution fairly reported Mirolli's statements.

Furthermore, if we view the court's order as the resolution of a motion to dismiss for failure to state a claim upon which relief may be granted, still we find that dismissal was not warranted. Bakhtiarnejad asserted in his complaint that the article defamed him and that "it did not constitute a truthful report of information received from an arresting officer or police authority." If the pleadings are construed most favorably to Bakhtiarnejad, the allegations of his complaint do not disclose with certainty that he would not be entitled to relief under any state of provable facts asserted in support thereof.[11] Although pleadings from other parties may have conflicted with Bakhtiarnejad's assertions,[12] the standard was not met for sustaining a motion to dismiss for failure to state a claim upon which relief may be granted.

For these reasons, we reverse the order of dismissal with respect to the defamation claim and remand this case to the trial court for further proceedings consistent with this opinion.

2. Cox filed a motion to dismiss Bakhtiarnejad's appeal. It asserts that because Bakhtiarnejad's and S. R. M.'s claims against one another remain pending in the trial court, Bakhtiarnejad may not yet bring a direct appeal from the dismissal order.[13]

However, an order granting summary judgment on any issue or as to any party is directly appealable.[14] Because we have determined that the trial court sua sponte converted Cox's motion to dismiss into a motion for summary judgment, we deny its motion to dismiss this appeal.

*Judgment reversed and case remanded. Johnson, C. J., and Smith, P. J., concur.*

DECIDED OCTOBER 13, 2000 —
RECONSIDERATION DENIED DECEMBER 8, 2000 — ▮▮▮▮▮▮▮▮▮▮

*Wood & Grant, Wayne Grant, Kimberly W. Rabren*, for appellant.
*Dow, Lohnes & Albertson, Peter C. Canfield, Thomas M. Clyde*, for appellees.

---

[11] See *Mooney*, supra.

[12] Mirolli admitted in his answer to making portions of the statements attributed to him in the article.

[13] See, e.g., *Liberty Mut. Ins. Co. v. Anthony*, 233 Ga. App. 463 (504 SE2d 525) (1998).

[14] See OCGA § 9-11-56 (h); see also *Artis v. Gaither*, 199 Ga. App. 114 (404 SE2d 322) (1991).