A01A0465. SMITH et al. v. GERMANIA OF AMERICA et al.
(549 SE2d 423)

SMITH, Presiding Judge.

We are called upon in this appeal to determine whether a complaint was correctly dismissed for failure to state a claim. The complaint was brought by tenants of an apartment complex and a group of their party guests against the owner and manager of the apartments. As amended, the complaint alleged a 42 USC § 1983 claim as well as state law claims for assault, battery, false arrest, and false imprisonment.[1] We conclude that the trial court erred in granting the motion to dismiss as to both the federal and state law claims, and we therefore reverse.

The amended complaint in this sparse record alleged that Placid and Athelia Eze hosted a party at the pool of their apartment com-

---

[1] The action was also brought against the city of Union City and three police officers, but the claims against them were not dismissed, and they are not parties to this appeal, except technically.

plex, with express permission from Germania of America and GOA Management, Inc., respectively the owner and manager of the complex ("the Germania defendants"). The six other plaintiffs were guests at the party.[2] The complaint alleged that the plaintiffs and other guests were acting lawfully and peacefully when they were attacked without provocation with pepper spray, beaten, cursed, and unlawfully arrested by two Union City police officers who were also "courtesy" officers at the complex, as well as at least one other Union City police officer. These alleged actions formed the basis for the plaintiffs' 42 USC § 1983 claim against the Germania defendants. The plaintiffs also alleged that the police officers, acting within the scope of their authority as employees of the Germania defendants, "assaulted, battered, falsely arrested and imprisoned" them.

The Germania defendants answered the complaint, denying, among other things, that the police officers were their employees or that it was acting "under color of State law" in the incident. These defendants also moved to dismiss the complaint on the ground that it failed to state a claim upon which relief could be granted. In support of their motion to dismiss, these defendants relied upon a brief previously submitted before the complaint was amended. That brief does not address the state law claims because they were added in the amended complaint.

1. It is well settled that:

> A motion to dismiss for failure to state a claim upon which relief may be granted should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof, and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. In deciding a motion to dismiss, all pleadings are to be construed most favorably to the party who filed them, and all doubts regarding such pleadings must be resolved in the filing party's favor.

(Citations and punctuation omitted.) *Bakhtiarnejad v. Cox Enterprises*, 247 Ga. App. 205, 207-208 (1) (541 SE2d 33) (2000).

Here, the trial court apparently failed to make such favorable inferences in regard to the state law claims, thereby failing to follow the standard for granting a motion to dismiss. See *Nix v. Cox Enter-*

---

[2] In the original complaint, the Ezes were not plaintiffs, nor were two of the later added guests (Angela Smith and Jacqueline McCoomer).

*prises*, 242 Ga. App. 515, 517 (529 SE2d 426), rev'd on other grounds, 273 Ga. 152 (538 SE2d 449) (2000). The Germania defendants' answer denied the allegations that the police officers were employees, but no evidence supports either this allegation or the plaintiffs' allegation that the officers were employees. The issue is in conflict, making the grant of a motion to dismiss inappropriate. If the plaintiffs can prove that the officers were employees and that they were acting within the scope of their employment, it is possible that the Germania defendants could be vicariously liable to the plaintiffs for the officers' actions under the state law claims.

> The law provides that the master is liable for the wilful torts of his servant acting in the prosecution and within the scope of the master's business, and this is true even though the servant, at the time of the commission of such tort may evidence anger, malice, or ill will. While this legal principle may be simply stated, its application has proven to be problematic. It has been recognized that the cases involving the issue of an employer's vicarious liability for the wilful torts of his employees[ ] can only be reconciled by an approach which directs its inquiry, not to authority to commit the tort[,] but to authority to accomplish a purpose in pursuance of which a wilful tort is committed. Thus, the test of liability is whether the tort was done within the scope of the actual transaction of the master's business for accomplishing the ends of his employment. . . . Where the tort of the employee is wholly personal to himself, it is not within the scope of his employment, and the master is not liable.

(Citations and punctuation omitted.) *Rogers v. Fred R. Hiller Co.*, 214 Ga. App. 448 (1) (448 SE2d 46) (1994).

The Germania defendants have not filed a brief with this court. We have reviewed the brief they filed in the trial court. In that brief, we note they pointed to no reason why the plaintiffs would be precluded from presenting evidence in support of their state law claims, and we find none. As to these claims, therefore, the trial court erred in granting the motion to dismiss for failure to state a claim.

2. To support their federal claim, the plaintiffs are required to show that the conduct complained of was committed by persons acting under color of state law and that it deprived them of rights, privileges, or immunities secured by the Constitution or laws of the United States. The Germania defendants insisted below that the plaintiffs' 42 USC § 1983 claim should be dismissed because they were not state actors simply because providing housing is "not traditionally the exclusive prerogative of the State." *Jackson v. Metro.*

*Edison Co.,* 419 U. S. 345, 353 (95 SC 449, 42 LE2d 477) (1974). But "[p]rivate persons, jointly engaged with state officials in the prohibited action, are acting under color of law for purposes of the statute. To act under color of law does not require that the accused be an officer of the State. It is enough that he is a willful participant in joint activity with the State or its agents." (Citation, punctuation and footnote omitted.) *Adickes v. Kress & Co.,* 398 U. S. 144, 152 (90 SC 1598, 26 LE2d 142) (1970). If the plaintiffs can prove that the Germania defendants acted jointly with the police officers, who are state actors, this requirement will be fulfilled.

Contrary to the Germania defendants' argument below, the plaintiffs here are not alleging that Germania has an interdependent relationship with the state or that the state coerced the officers' behavior. The plaintiffs' complaint merely alleges that the Germania defendants willingly participated in the officers' actions because the officers acted under policies adopted by their employer. If the plaintiffs can prove this, they will have satisfied the requirement of state action.

The complaint also alleges that the officers' actions violated the plaintiffs' rights guaranteed "under the first, fourth, fifth, sixth and fourteenth amendments" to the U. S. Constitution, as well as rights guaranteed under the Georgia Constitution. If proved, this would satisfy the other requirement for a claim under 42 USC § 1983. The Germania defendants offered no showing that the plaintiffs could not prove this element. Regardless of the merits of the plaintiffs' allegations, the complaint did not disclose with certainty that the plaintiffs would not be entitled to relief under their § 1983 claim under any set of provable facts, nor did the Germania defendants show that the plaintiffs could not possibly introduce evidence within the framework of the § 1983 claim to warrant relief. It follows that the trial court erred as well in granting the Germania defendants' motion to dismiss this claim on the ground that it failed to state a claim upon which relief could be granted.

*Judgment reversed. Barnes and Phipps, JJ., concur.*

DECIDED MAY 10, 2001.

*Frank L. Derrickson,* for appellants.
*Swift, Currie, McGhee & Hiers, Christopher D. Balch, Laurel E. Henderson,* for appellees.