S01G0743. COX ENTERPRISES, INC. et al. v. NIX.
(560 SE2d 650)

BENHAM, Justice.

This appeal arises from a suit for defamation, invasion of privacy, and intentional infliction of emotional distress filed by attorney Franklin R. Nix against Cox Enterprises, doing business as the Atlanta Journal-Constitution; an editor; and a number of unnamed individuals (hereinafter, collectively, "Cox"). The suit was based on two related articles published in the Journal-Constitution on March

9, 1997, in one of which Nix was mentioned.[1] The Court of Appeals affirmed the grant of summary judgment to Cox with regard to the claims for invasion of privacy and intentional infliction of emotional distress, but reversed with regard to the defamation claim. *Nix v. Cox Enterprises*, 247 Ga. App. 689 (545 SE2d 319) (2001). This Court granted Cox's petition for certiorari to consider whether Cox also was entitled to summary judgment on the defamation count.

1. The essential holding of the Court of Appeals' opinion is that although the portion of the article which mentioned Nix was a substantially accurate report of a judicial proceeding involving Nix, there was material in the articles which did not come from the judicial proceedings and which "invidiously compared Nix's conduct to lawyers who had committed criminal conduct against their clients; this led the reader to reasonably infer that Nix's conduct had been criminal from the context of the entire article." Id. at 690. We conclude from a review of the record that the description of the article on which the Court of Appeals based its holding is not accurate and that its judgment based on that holding is error.

The description of the articles in the Court of Appeals' opinion begins with the statement that Nix sued Cox for libel per se for "listing him in two published articles . . . as one of seven examples of criminal rogue lawyers, accusing him of attempting to solicit clients from another lawyer." Id. at 689. In fact, Nix was mentioned in only one of the two articles; the articles mentioned nine lawyers, not all of whom were accused of criminal conduct; and nowhere in either article were any attorneys specifically described as "criminal rogue lawyers." Neither did either article accuse Nix of soliciting clients, although one did report on a judicial proceeding (accurately, as the Court of Appeals notes) in which Nix was admonished for that behavior. The Court of Appeals' opinion states that Cox placed Nix's "name immediately after the account of six lawyers charged with stealing their clients' money or convicted of felonies as examples of criminal rogue lawyers requiring State Bar discipline." Id. at 690. However, in the single article in which Nix was mentioned, only two lawyers were mentioned before him, only one of whom was accused of a crime, giving a bad check. The Court of Appeals' opinion states that the mention of Nix was inserted "without disassociating language from the

---

[1] The trial court dismissed the action, but the Court of Appeals reversed on the ground that the trial court had converted the motion to dismiss into one for summary judgment by considering evidence, but had not given Nix notice of the conversion and an opportunity to submit evidence. *Nix v. Cox Enterprises*, 242 Ga. App. 515 (529 SE2d 426) (2000). On certiorari, this Court reversed that judgment, holding that Nix had waived notice and agreed to consideration of the motion to dismiss as a motion for summary judgment, and remanded the appeal to the Court of Appeals with direction that the merits of the appeal be addressed. *Cox Enterprises v. Nix*, 273 Ga. 152 (538 SE2d 449) (2000).

lawyers charged with criminal conduct." Id. However, after the discussion of the lawyer who gave a bad check, the article contained the following language which effectively disassociated that discussion from the paragraphs which followed, turning from criminal behavior to civil suits involving lawyers: "Harwell [the person given a bad check by a lawyer] isn't the only person these days who questions the system that is supposed to monitor lawyers. From high crimes of murder to minor infractions such as not returning calls, public confidence in lawyers has been eroded by bitter disputes between attorneys and their clients." Following that transition from criminal to civil matters, the article mentioned a lawsuit brought against an attorney by his clients and then discussed a lawsuit brought against Nix by another attorney, concluding with the observation that both lawsuits were still pending. While the articles mentioned several more attorneys involved in or accused of misconduct, the overwhelming bulk of the articles was a discussion of the process of lawyer discipline, the report of a commission created to study that subject, and expressions of concern that the process was, as presently conducted, inadequate.

> "As a general rule, the question whether a particular publication is libelous, that is, whether the published statement was defamatory, is a question for the jury. (Cit.) However, if the statement is not ambiguous and can reasonably have but one interpretation, the question is one of law. . . . [Cit.] In considering whether a writing is defamatory as a matter of law, we look at what construction would be placed upon it by the average reader. [Cit.]"

*Mead v. True Citizen*, 203 Ga. App. 361, 362 (417 SE2d 16) (1992). After careful consideration of the articles on which the suit is based, we cannot agree with the Court of Appeals that a jury question is presented in this case. The sole reference to Nix was a report on a judicial proceeding and was, as the Court of Appeals noted, substantially accurate. The report of judicial proceedings involving Nix was set apart from any reference to lawyers accused of criminal conduct, and contrary to the conclusion of the Court of Appeals, the remainder of the article did not distort that report. In short, as to Nix, the article "is not ambiguous and can reasonably have but one interpretation," and that interpretation does not include a statement, implication, or suggestion that Nix was engaged in criminal conduct. Since an erroneous interpretation of the articles as ambiguous was the central element in the decision of the Court of Appeals, it follows that the reversal of the trial court's grant of summary judgment to Cox on the libel claim was error.

2. Having concluded that the reversal by the Court of Appeals was erroneous, we are left with the question of whether summary judgment for Cox on the defamation claim was proper. "On appeal from the grant of summary judgment this Court conducts a de novo review of the evidence to determine whether there is a genuine issue of material fact and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law." *Youngblood v. Gwinnett Rockdale Newton Community Service Bd.*, 273 Ga. 715, 717 (4) (545 SE2d 875) (2001).

Since we have already held that the articles are not susceptible to a reading that links Nix to any criminal activity, his defamation claim must rely on the portion of the articles that mentioned him. "'To be actionable, a communication must be both false and malicious, and the burden of proving a statement's falsity is on the plaintiff.' [Cit.]" *Palombi v. Frito-Lay*, 241 Ga. App. 154 (1) (526 SE2d 375) (1999). Applicable with equal force in defamation cases is the rule with regard to summary judgment that a defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case, but may point out by reference to the evidence in the record that there is an absence of evidence to support any essential element of the nonmoving party's case, and that the nonmoving party cannot then rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. *Stange v. Cox Enterprises*, 211 Ga. App. 731 (1) (440 SE2d 503) (1994). In the present case, the record includes the transcript of the hearing reported upon in Cox's article, and the text of both articles. Comparing the reference to Nix in the article to the transcript of the hearing leads us to conclude that Nix cannot prove the falsity of the article in its reference to him because the article accurately reflects what transpired at the hearing. Because of Nix's inability to prove the falsity of Cox's statements regarding him, the trial court's grant of summary judgment to Cox was correct. *Palombi*, supra.

*Judgment reversed in part. All the Justices concur, except Hunstein, J., who is disqualified.*

DECIDED FEBRUARY 25, 2002.

*Dow, Lohnes, & Albertson, Peter C. Canfield, Thomas M. Clyde,* for appellants.

*Garland, Samuel & Loeb, Edward T. M. Garland, Nelson O. Tyrone III,* for appellee.