A03A1828. WYATT et al. v. PEZZIN.
(589 SE2d 250)

PHIPPS, Judge.

Robert Pezzin sued Raymond Shiflett, Harold Wyatt, Jr., and Jane Wyatt for cancellation of a deed under which Shiflett had conveyed a large tract of farmland to the Wyatts. Pezzin claimed that Shiflett had previously granted him a right of first refusal on any sale of part of the acreage, and in his complaint he sought specific performance of his right. Following a bench trial, the Superior Court of Whitfield County entered judgment in favor of Pezzin. The Wyatts appeal. They maintain that neither the writing purporting to grant the right of first refusal, nor a hand-drawn plat referred to in the writing, contains an adequate description of the land, and that the right of first refusal is unenforceable for lack of both adequate triggering terms and consideration. Finding no merit in any of these arguments, we affirm.

As found by the trial court, these are the facts:

In 1983, Pezzin and Shiflett's son, Robert Shiflett, entered into a contract under which Shiflett's son sold 1.13 acres of landlocked residential realty to Pezzin together with an easement through adjacent property owned by Shiflett. The sales contract included a special stipulation requiring Shiflett's son to obtain a right of first refusal for Pezzin on any future sale of certain of the adjacent land owned by Shiflett. Shiflett's son created a hand-drawn plat dated April 10, 1983, marking in red the property to be subject to the right of first refusal. On April 14, Shiflett signed a document in which he "agree[d] to give to Robert Pezzin, a first right of refusal on any future sale of the strip of land shown on hand drawn plat by Robert A. Shiflett dated 4-10-83. Said strip adjoins property being purchased this date by said Robert Pezzin from Robert Augustus Shiflett and comprises the red shaded area of said plat."

The property to which Pezzin was given a right of first refusal was more specifically identified by a subsequent survey and totals 5.15 acres, which is described in the survey by metes and bounds. On April 14, 1983, Shiflett's son's sale of the 1.13 acres to Pezzin was closed. In 1999, Shiflett sold the Wyatts a 55.41-acre tract of land that included the 5.15 acres over which Pezzin had a right of first refusal. Prior to the closing of the sale, Pezzin attempted to exercise his right of first refusal, but Shiflett, with the knowledge of Harold Wyatt, refused to honor it.

After reconciling discrepancies between the testimony of the witnesses, and after considering the written documents evidencing the right of first refusal and the plat (and copies of it) submitted as evidence, the trial court found the existence of a contract for the right of first refusal. Although the contract itself did not contain an adequate

legal description of the property, the court concluded that it did contain a key referencing the 1983 hand-drawn plat and thereby providing an adequate legal description as a matter of law.

1. "To be valid, a description in a deed, contract for the sale of land, or a claim of lien on real estate must identify the land with reasonable definiteness or contain a key by the use of which the description may be applied by extrinsic evidence. The key must open the door to extrinsic evidence which leads unerringly to the land in question."[1] The trial court did not err in concluding that the description provided in the hand-drawn plat meets this test.

*Laurens County Bd. of Ed. v. Stanley*,[2] cited in *Plantation Land Co. v. Bradshaw*,[3] and relied on by the Wyatts, is distinguishable. *White v. Plumbing Distrib.*,[4] also cited by the Wyatts, is likewise distinguishable. The deed found deficient in *Stanley* identified the property only as " 'ten acres of land,' " located in two specified land lots, and " 'which is hereafter to be surveyed.' " In *White*, an agreement for the sale of real property was found to be "devoid of any indicia upon which the parties might determine the metes and bounds of the [p]roperty."[5] Here, the right of first refusal made reference to a plat from which a survey containing a metes and bounds description was prepared.

2. Although the trial court made no specific finding on the issue, there is evidence that the right of first refusal was supported by consideration.

In this regard, Pezzin testified that Shiflett was present at the closing of his purchase of the 1.13 acres from Shiflett's son; the closing attorney advised him, Pezzin, to give Shiflett one dollar in order to make the right of first refusal valid; and he did so. The court was also authorized to find that Pezzin's purchase of the residential property from Shiflett's son provided consideration for the right of first refusal. "Consideration need not be a benefit accruing to the promisor, but may be a benefit accruing to another. [Cits.]"[6]

3. The right of first refusal was triggered by the sale of the property by its express terms, and by operation of law.[7]

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

---

[1] (Footnotes omitted.) *Gateway Family Worship Centers v. H.O.P.E. Foundation Ministries*, 244 Ga. App. 286, 287 (2) (535 SE2d 286) (2000).

[2] 187 Ga. 389 (200 SE 294) (1938).

[3] 232 Ga. 435 (207 SE2d 49) (1974).

[4] 262 Ga. App. 228 (585 SE2d 135) (2003).

[5] Id. at 230 (1).

[6] *Fisher v. Toombs County Nursing Home*, 223 Ga. App. 842, 845 (2) (479 SE2d 180) (1996).

[7] See *Phoenix Tower v. Shaffer*, 254 Ga. App. 394 (1) (562 SE2d 788) (2002).

DECIDED SEPTEMBER 23, 2003 —
RECONSIDERATION DENIED OCTOBER 23, 2003 ▮▮▮▮▮▮▮▮

*Powell, Goldstein, Frazer & Murphy, Charles S. Greene, Patrick J. O'Connor*, for appellants.

*Brinson, Askew, Berry & Seigler, C. King Askew, Mark M. Webb, Sponcler & Tharpe, James T. Ward*, for appellee.