A05A1452. HENDON PROPERTIES, LLC v. CINEMA
DEVELOPMENT, LLC.
(620 SE2d 644)

PHIPPS, Judge.

Hendon Properties, LLC entered into an agreement to purchase real property from Cinema Development, LLC for $400,000. Under the agreement, Cinema was required to perform certain site work to the property prior to closing, and Hendon was required to contribute $325,000 toward the site work costs. Hendon brought this suit charging Cinema with breach of contract for preventing the closing by failing to perform the site work in accordance with the requirements of the agreement. Hendon sought specific performance of the agreement or, alternatively, damages on theories of breach of contract, promissory estoppel, or negligent misrepresentation.

Hendon appeals the superior court's grant of Cinema's motion to dismiss all of Hendon's claims. For reasons which follow, we affirm dismissal of Hendon's specific performance and breach of contract

claims but reverse dismissal of the promissory estoppel and negligent misrepresentation claims.

Hendon attached a copy of the parties' agreement as an exhibit to its original complaint. Cinema filed a motion to dismiss for failure to state a claim for relief, arguing, among other things, that the agreement is unenforceable because it lacks a sufficient description of the subject property. Hendon responded to the motion to dismiss by filing an amended complaint to which it attached additional exhibits purportedly containing an adequate description of the property. The superior court dismissed Hendon's claims for specific performance and breach of contract, on the ground that the property is not adequately identified in either the agreement or the exhibits submitted by Hendon. On that ground and others, the court also dismissed Hendon's promissory estoppel and negligent misrepresentation claims.

Although considering matters outside the pleadings generally converts a motion to dismiss into a motion for summary judgment,[1] a trial court may properly consider exhibits attached to and incorporated in the pleadings in considering a motion to dismiss for failure to state a claim for relief.[2]

> A motion to dismiss for failure to state a claim upon which relief may be granted should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof, and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. In deciding a motion to dismiss, all pleadings are to be construed most favorably to the party who filed them, and all doubts regarding such pleadings must be resolved in the filing party's favor.[3]

1. The superior court did not err in dismissing the specific performance and breach of contract claims on the ground that the agreement is unenforceable due to its failure to provide an adequate description of the property.

---

[1] See *Nix v. Cox Enterprises*, 242 Ga. App. 515, 516 (529 SE2d 426) (2000), rev'd on other grounds, *Cox Enterprises v. Nix*, 274 Ga. 801 (560 SE2d 650) (2002).

[2] *Bakhtiarnejad v. Cox Enterprises*, 247 Ga. App. 205, 208 (1) (541 SE2d 33) (2000).

[3] Id. at 207-208 (citations and punctuation omitted).

The statute of frauds requires that a contract for the sale of land be in writing.[4] To be valid, a description of land in a contract for the sale of land, or in a deed

> must identify the land with reasonable definiteness or contain a key by the use of which the description may be applied by extrinsic evidence. The key must open the door to extrinsic evidence which leads unerringly to the land in question.[5]

"The legal sufficiency of a description is a question of law for the court."[6]

The agreement in this case described the property to be sold as

> a portion of that certain tract or parcel of land being known as all that tract or parcel of land lying and being in Land Lots 593 & 666 of the 16th District — 2nd Section, Paulding County, Georgia, containing approximately 3.67 acres as more particularly described on Exhibit "A" attached hereto and by this reference made a part hereof (the "Legal Description") [and] Exhibit "B" attached hereto and by this reference made a part hereof (the "Tax Plat"). . . .

Clearly, the description of the property on the face of the agreement in this case — as in cases such as *Makowski v. Waldrop*,[7] *Swan Kang, Inc. v. Kang*,[8] and *Stanaland v. Stephens*[9] — does not identify the land with the requisite certainty. As in cases such as *Wyatt v. Pezzin*,[10] *Swan Kang*,[11] and *Romanik v. Buitrago*,[12] however, there is in this case a potential key through which the property might be identified by extrinsic evidence. That potential key is found in the "Legal Description" in Exhibit A and/or the "Tax Plat" in Exhibit B referred to in the agreement. But, as pointed out in *Blumberg v. Nathan*,[13]

---

[4] *Makowski v. Waldrop*, 262 Ga. App. 130, 132 (1) (a) (584 SE2d 714) (2003), citing OCGA § 13-5-30 (4).

[5] *Gateway Family Worship Centers v. H.O.P.E. Foundation Ministries*, 244 Ga. App. 286, 287 (2) (535 SE2d 286) (2000) (footnotes omitted).

[6] *Swan Kang, Inc. v. Kang*, 243 Ga. App. 684, 688 (3) (534 SE2d 145) (2000) (footnote omitted).

[7] 262 Ga. App. 130, 132-133 (1) (a) (584 SE2d 714) (2003).

[8] Supra.

[9] 78 Ga. App. 68 (1) (50 SE2d 258) (1948).

[10] 263 Ga. App. 745, 746 (1) (589 SE2d 250) (2003).

[11] Supra.

[12] 153 Ga. App. 886, 888 (267 SE2d 301) (1980).

[13] 190 Ga. 64 (8 SE2d 374) (1940).

[a] metallic bar is a key only when it serves the purpose of unlocking the door, and is not a key if it fails in its primary purpose, which is to unlock the door. Likewise any descriptive words in a contract for the sale of land, which will lead unerringly to the land in question, constitute the key which the law contemplates. But no amount of words in such a contract which fail to lead definitely to the land therein will constitute a key. If such words, when aided by extrinsic evidence, fail to locate and identify a certain tract of land, the description fails and the instrument is void.[14]

In moving to dismiss, Cinema argued that the subject property is not identified through either a "Legal Description" in an Exhibit A or in a "Tax Plat" in an Exhibit B because neither exhibit was in fact attached to the parties' agreement, as shown by the fact that those exhibits were not attached to the copy of the agreement appended to Hendon's complaint.

Hendon responded to Cinema's motion to dismiss by filing its amended complaint which alleges that, upon information and belief, the "Legal Description" and "Tax Plat" referenced in the purchase agreement, though not attached to the agreement, were in existence when the purchase agreement was executed. Hendon attached the purported "Legal Description" to the amended complaint as Exhibit C, and the purported "Tax Plat" was attached as Exhibit D.

The Exhibit C "Legal Description" contains a metes and bounds description of a tract containing "3.311 acres more or less" and referred to as "[a]ll that tract or parcel of land lying and being in Land Lot 666, 19th District, 2nd Section, Paulding County, Georgia." The Exhibit D plat similarly refers to a 3.311 acre tract in the 19th District, 2nd Section of the county. The parties' agreement, however, describes a 3.67 acre tract (not 3.311 acres) in both Land Lots 593 and 666 (rather than in Land Lot 666 only) in the 16th District (not the 19th District) of the 2nd Section of Paulding County.

In reliance on *Makowski v. Waldrop*,[15] the superior court concluded that the exhibits submitted by Hendon do not provide a key to identification of the property due to the discrepancies in the description of the property in the agreement and in the exhibits. We agree. In *Makowski*, as here, the agreement sought to be enforced identified the property as a tract of land containing a certain acreage lying in certain land lots in a specified district and section of the county. The party seeking to enforce the agreement argued that the agreement

---

[14] Id. at 66.
[15] Supra.

contained a key leading to identification of the property through various documents which, as here, provided both a metes and bounds description of the property and a survey. Because those documents described a tract of land containing different acreage and in different land lots than those referred to in the agreement, we held that the alleged key in the agreement did not open the door to extrinsic evidence leading unerringly to the land in question. Because the land was not clearly identified, specific performance could not be granted.[16]

*Blumberg v. Nathan*,[17] however, was a case in which the description of the property in the purchase contract, though inadequate on its face, was sufficient to constitute a key by which the property might be identified. The *Blumberg* court found a sufficient description to support a suit for specific performance because the petition alleged facts showing that the key fit the described land. Here, in contrast, the complaint, as supported by the exhibits submitted by Hendon, sets forth facts that show that the keys relied on by Hendon do not fit the land described in the agreement. Therefore, the superior court did not err in ruling that the complaint fails to state a claim for specific performance[18] or for breach of contract.

2. The court concluded that the promissory estoppel and negligent misrepresentation claims also fail because (a) there is no enforceable agreement between the parties; (b) as held in *Gerdes v. Russell Rowe Communications*,[19] there cannot be both an express and implied contract for the same thing existing at the same time between the same parties; (c) the agreement contains an "entire agreement" clause; and (d) the agreement contains an express representation that placed Hendon on notice that Cinema might perform the site work in the manner in which Hendon now complains.

In Georgia, the doctrine of promissory estoppel is codified at OCGA § 13-3-44.[20]

> The essential elements of promissory estoppel are: (1) the defendant made a promise or promises; (2) the defendant should have reasonably expected the plaintiff[ ] to rely on such promise; (3) the plaintiff[ ] relied on such promise to [its] detriment; and (4) an injustice can only be avoided by the enforcement of the promise, because as a result of the

---

[16] Id. at 133.

[17] Supra.

[18] Compare *Swan Kang*, supra, 243 Ga. App. at 689 (3) (because plaintiff did not seek specific performance of the contract, it was not required to present a precise description of the land).

[19] 232 Ga. App. 534, 537 (3) (502 SE2d 352) (1998).

[20] *Kamat v. Allatoona Fed. Sav. Bank*, 231 Ga. App. 259, 263 (3) (498 SE2d 152) (1998).

reliance, plaintiff[ ] changed [its] position to [its] detriment by surrendering, forgoing, or rendering a valuable right.[21]

"The essential elements of negligent misrepresentation are (1) the defendant's negligent supply of false information to foreseeable persons, known or unknown; (2) such persons' reasonable reliance upon that false information; and (3) economic injury proximately resulting from such reliance."[22] Justifiable reliance is thus an essential element of a claim asserting negligent misrepresentation.[23]

(a) As we have recognized in cases such as *Sun-Pacific Enterprises v. Girardot*,[24] *Augusta Surgical Center v. Walton &c. Office Venture*,[25] and *Kamat v. Allatoona Fed. Sav. Bank*,[26] the decision of the Supreme Court of Georgia in *20/20 Vision Center v. Hudgens*[27] stands as authority for the proposition that a claim predicated on a theory of promissory estoppel may lie even though the promise was made in a contract that is not legally enforceable. In a similar fashion, negligent misrepresentation, being a tort, presupposes the absence of an enforceable contractual relationship between the parties.[28] Consequently, neither Hendon's promissory estoppel claim nor its negligent misrepresentation claim is barred by the absence of a legally enforceable agreement between the parties.

(b) Nor are these claims barred for any of the other reasons given by the superior court.

Although cases such as *Gerdes* do hold that "[t]here cannot be an express and implied contract for the same thing existing at the same time between the same parties,"[29] these cases are inapposite here because Hendon does not seek recovery on any implied contractual theory. *Gerdes* involved an attempt to recover on an implied contractual theory, quantum meruit, where it was undisputed that the parties had entered into an express written agreement.

---

[21] *Rental Equip. Group, LLC v. MACI, LLC*, 263 Ga. App. 155, 157 (1) (b) (587 SE2d 364) (2003) (citation omitted).

[22] *Marquis Towers v. Highland Group*, 265 Ga. App. 343, 346 (593 SE2d 903) (2004) (punctuation omitted).

[23] *Real Estate Intl. v. Buggay*, 220 Ga. App. 449, 452 (3) (469 SE2d 242) (1996).

[24] 251 Ga. App. 101, 103 (1) (553 SE2d 638) (2001).

[25] 235 Ga. App. 283, 286 (2) (508 SE2d 666) (1998).

[26] Supra.

[27] 256 Ga. 129, 134-135 (6), (7) (345 SE2d 330) (1986).

[28] See *Robert & Co. Assoc. v. Rhodes-Haverty Partnership*, 250 Ga. 680 (300 SE2d 503) (1983).

[29] *Gerdes*, supra at 232 Ga. App. 537 (3) (citation and punctuation omitted).

The "entire agreement" clause in the parties' agreement is likewise no bar to Hendon's recovery under a theory of either promissory estoppel or negligent misrepresentation, because Hendon is relying on promises set forth in the agreement.[30]

The trial court ruled that Hendon's promissory estoppel and negligent misrepresentation claims are barred by a representation in the parties' agreement that to the best of Cinema's knowledge, no landfill except fill dirt had been deposited on or taken from the property during Cinema's ownership of the property. Hendon's promissory estoppel and negligent misrepresentation claims are, in relevant part, based on allegations that in performing its site work obligations Cinema removed suitable soil from certain areas of the subject property, put it on adjacent property owned by Cinema, and replaced it with soils that were unsuitable in that they were unable to support the improvements Hendon intended to construct. The trial court effectively ruled that the representation in the parties' agreement authorized Cinema to remove whatever fill dirt it wanted from the property and replace it with whatever it chose. We cannot agree. One definition of the term "landfill" is "[a] method of rehabilitating land in which garbage and trash are buried in low-lying ground to build it up."[31] The representation can thus be read as a warranty that no trash or garbage had been used as landfill on the property. It, therefore, does not clearly and unambiguously bar Hendon's claim that Cinema violated its site work obligations by using unsuitable fill dirt as landfill. Whether it is a bar is a jury question.[32]

(c) Citing *Voyles v. Sasser*,[33] Cinema argues that Hendon's promissory estoppel claim was properly dismissed because "[e]stoppel applies to representations of past or present facts and not to promises concerning the future. . . ."[34] *Voyles*, however, involved a situation in which the promises involved "unenforceably vague future acts."[35] *Kemira, Inc. v. Williams Investigative &c. Services*,[36] in reliance on *Insilco Corp. v. First Nat. Bank of Dalton*,[37] recognized that if a promise comes within the terms of OCGA § 13-3-44 (a), the fact that it is performable in the future does not preclude the application of promissory estoppel.

---

[30] See *Sun-Pacific Enterprises v. Girardot*, supra, 251 Ga. App. at 103-105 (1).

[31] The American Heritage Dictionary (2d ed. 1985), p. 713.

[32] See generally *Duffett v. E & W Properties*, 208 Ga. App. 484, 486 (2) (430 SE2d 858) (1993).

[33] 221 Ga. App. 305 (472 SE2d 80) (1996).

[34] Id. at 305-306 (2) (citations and punctuation omitted).

[35] Id. at 306 (citations and punctuation omitted).

[36] 215 Ga. App. 194, 198-199 (2) (450 SE2d 427) (1994).

[37] 248 Ga. 322 (283 SE2d 262) (1981).

(d) Cinema argues that Hendon's negligent misrepresentation claim must fail because "there can be no justifiable reliance on a promise which is unenforceable at the time it is made. [Cit.]"[38] The parties' agreement was not, however, necessarily unenforceable at the time it was made.[39] Reasonable reliance thus presents a question of fact.[40]

3. Cinema argues that Hendon failed to state a claim for recovery of damages, because it never closed on the property or made any purchase payments or site work contributions. This argument is without merit.

Hendon is seeking to recover various costs and expenses it incurred in connection with the purchase agreement, such as title commitment fees, due diligence costs, and attorney fees. Under its promissory estoppel theory, Hendon may recover "those damages as are equitable and necessary to prevent injustice from occurring. [Cits.]"[41] And with respect to the negligent misrepresentation claim, OCGA § 51-12-7 more specifically provides "that, in tort actions, the 'necessary expenses consequent upon an injury are a legitimate item in the estimate of damages.' "[42] Hendon has stated a claim for recovery of damages under these principles.

*Judgment affirmed in part and reversed in part. Andrews, P. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 8, 2005.

*Hartman, Simons, Spielman & Wood, Samuel R. Arden*, for appellant.

*Dreger, Coyle, McClelland, Bergman & Pieschel, Nicholas J. Pieschel*, for appellee.

---

[38] *Hodge Residential v. Bankers First Fed. Sav. & Loan Assn.*, 199 Ga. App. 474, 476 (2) (a) (405 SE2d 302) (1991).

[39] Extrinsic evidence might have provided a key to the property's identification. See Division 1, supra.

[40] See *DPLM, Ltd. v. J. H. Harvey Co.*, 241 Ga. App. 219, 223-224 (1) (526 SE2d 409) (1999).

[41] *Rental Equip. Group*, supra, 263 Ga. App. at 159 (1) (d).

[42] *Ivey v. Golden Key Realty*, 200 Ga. App. 545, 546 (2) (408 SE2d 811) (1991).