A06A0923. McLAIN et al. v. MARINER HEALTH CARE, INC.
(631 SE2d 435)

JOHNSON, Presiding Judge.

Judy McLain appeals from the trial court's grant of a motion to dismiss her claims in negligence arising from her father's residence and death in a nursing home owned and operated by Mariner Health Care, Inc. (Mariner). Since we find that the trial court had no basis for dismissing these claims, we reverse.

The record shows that McLain sued Mariner for injuries suffered by and the wrongful death of her father, a resident of a nursing home owned and operated by Mariner. The complaint alleged that as a result of the nursing home staff's violations of a variety of federal regulations and state statutes and regulations concerning nursing home care, including those promulgated under federal Medicare and Medicaid programs[1] as well as the Georgia Bill of Rights for Residents of Long-term Care Facilities[2] and public health rules of the Georgia Department of Human Resources,[3] McLain's father developed pneumonia, suffered complications, and died. The complaint asserted liability under 11 counts, including negligence, negligence per se, violations of the Fair Business Practices Act of 1975,[4] and violations of the Deceptive Trade Practices Toward the Elderly Act.[5] Mariner filed a partial motion to dismiss as to these four counts. The trial court granted Mariner's motion as to all four claims, with the exception of any claim based upon the Bill of Rights for Residents of Long-term Care Facilities, and also granted a certificate of immediate review. We granted McLain's application for interlocutory review.

On appeal, McLain does not contest the trial court's dismissal of her counts under the Fair Business Practices Act and the Deceptive Trade Practices Toward the Elderly Act. Instead, she asserts that the trial court ruled on a matter not in actual controversy when it held

---

[1] See 42 CFR § 483.10 et seq.

[2] OCGA § 31-8-100 et seq.

[3] Rules and Regulations of the State of Georgia, Title 290, Department of Human Resources, Chapter 290-5-8-.01 et seq.

[4] OCGA § 10-1-390 et seq.

[5] OCGA § 10-1-850 et seq.

that "to the extent that the Complaint could be construed to assert claims created by the Medicare and Medicaid statutes, such claims are dismissed," and that it erred in dismissing the negligence per se and negligence claims.

1. A motion to dismiss for failure to state a claim should not be sustained unless

> (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof, and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. In deciding a motion to dismiss, all pleadings are to be construed most favorably to the party who filed them, and all doubts regarding such pleadings must be resolved in the filing party's favor.[6]

Although McLain's complaint alleges violations of regulations promulgated under the Medicaid and Medicare statutes, the complaint makes no attempt to set forth a private cause of action under them.[7] Since the trial court's construction of the complaint to this effect had no basis in the record, its grant of the motion to dismiss on this ground amounted to an advisory opinion on a matter not in actual controversy, and was therefore erroneous.[8]

2. McLain also argues that the trial court erred when it granted Mariner's motion to dismiss as to her negligence per se and negligence claims. Again, we agree.

Generally, a plaintiff may assert a claim of negligence per se arising from violations of federal or state statutes as long as (1) that plaintiff falls within the class of persons the statute was intended to protect; (2) the harm complained of was the same harm the statute was intended to guard against; and (3) the violation of the statute proximately caused the plaintiff's injury.[9] The violation of a regulation, no less than that of a statute, can likewise establish that a

---

[6] (Citation omitted.) *Smith v. Germania of America*, 249 Ga. App. 587, 588 (1) (549 SE2d 423) (2001).

[7] Compare *Brogdon v. Nat. Healthcare Corp.*, 103 FSupp.2d 1322, 1330-1332 (4) (N.D. Ga. 2000) (dismissing plaintiff's federal claim on ground that Medicare and Medicaid Acts do not authorize a private cause of action against owners and operators of nursing homes).

[8] See *Bd. of Tax Assessors of Ware County v. Baptist Village*, 269 Ga. App. 848, 854 (3) (605 SE2d 436) (2004) (Georgia courts do not concern themselves with matters not ripe for adjudication).

[9] *Kull v. Six Flags Over Ga. II*, 264 Ga. App. 715, 716 (592 SE2d 143) (2003).

defendant breached a duty owed to a plaintiff as a matter of law.[10] "[I]t is sufficient if the violation is capable of having a causal connection with the injury and [the] damage inflicted. It is not essential that the injury inevitably flow from the violation."[11]

Although we are not aware of any Georgia precedent involving a negligence action alleging violations of Medicare and Medicaid regulations, this Court has sustained claims arising under the Georgia statute known as the Bill of Rights for Residents of Long-term Care Facilities.[12] We also note that the two federal courts considering negligence claims like those presented here have suggested that Georgia state courts would have no basis for dismissing them. In *Brogdon v. Nat. Healthcare Corp.*,[13] the federal district court dismissed claims brought under Medicare and Medicaid on the ground that neither set of statutes authorizes a private cause of action for nursing home residents, but sustained a variety of other claims, including those made under the Bill of Rights for long-term care residents as well as for breach of the contracts signed at the time the residents entered their facilities.[14] The court justified its decision by reasoning that "the absence of an implied private cause of action under the Medicaid Act does not preclude Plaintiffs from suing for breach of contract."[15] Likewise, in *Burney v. 4373 Houston, LLC*,[16] the federal district court remanded a complaint alleging a nursing home's negligence per se for lack of subject matter jurisdiction under the rationale that since "states are authorized to adopt standards from

---

[10] *Grable & Sons Metal Products v. Darue Engineering &c.*, 545 U. S. 308 (125 SC 2363, 162 LE2d 257) (2005), citing Restatement (Third) of Torts, proposed final draft, § 14, Comment a; *West v. Mache of Cochran, Inc.*, 187 Ga. App. 365, 368-369 (1), (2) (370 SE2d 169) (1988) (since regulations under federal Gun Control Act are "the real key to [the Act's] enforcement," breach of them amounted to negligence per se); *Walter v. Orkin Exterminating Co.*, 192 Ga. App. 621, 624-625 (3) (385 SE2d 725) (1989) (complaint alleging violation of state pest control commission regulations made out negligence per se claim).

[11] (Citation omitted.) *Central Anesthesia Assoc. v. Worthy*, 254 Ga. 728, 733 (2), n. 3 (333 SE2d 829) (1985).

[12] *Thurman v. Pruitt Corp.*, 212 Ga. App. 766, 768-769 (2) (442 SE2d 849) (1994) (reversing grant of motion to dismiss claim under OCGA § 31-8-100 et seq.); see also *Smith*, supra, 249 Ga. App. at 588-589 (1) (reversing grant of motion to dismiss state tort claims where issues remain in conflict).

[13] 103 FSupp.2d 1322.

[14] Id. at 1333-1337, citing *Merrell Dow Pharmaceuticals v. Thompson*, 478 U. S. 804, 817 (106 SC 3229, 92 LE2d 650) (1986); see also *New York State Dept. of Social Svcs. v. Dublino*, 413 U. S. 405, 421 (II) (93 SC 2507, 37 LE2d 688) (1973) ("Where coordinate state and federal efforts exist within a complementary administrative framework, and in the pursuit of common purposes, the case for federal pre-emption becomes a less persuasive one.").

[15] (Citations omitted.) *Brogdon*, supra, 103 FSupp.2d at 1335 (II) (E); see also id. at 1340-1341 (on motion for reconsideration).

[16] 2005 U. S. Dist. LEXIS 34686 (M.D. Ga. 2005).

federal law and incorporate them into state-law causes of action," such suits are "garden variety state tort law" best left to the Georgia courts.[17]

It is obvious that as a resident of the nursing home owned by Mariner, McLain's father belonged to the class of persons for whom these statutes and regulations were intended to protect, and that the injuries set forth in the complaint, and which we assume to have occurred for purposes of a motion to dismiss, were among those these same statutes and regulations were designed to prevent. Likewise, the complaint's allegations of violations of the same statutes and regulations would be competent evidence of Mariner's breach of duty under a traditional negligence action.[18] The trial court therefore erred when it granted Mariner's motion to dismiss McLain's negligence per se and negligence causes of action.

*Judgment reversed. Miller and Ellington, JJ., concur.*

DECIDED MAY 15, 2006 ▬ 

*Delong, Caldwell & Bridgers, Charles R. Bridgers, Steven W. Saccoccia*, for appellants.

*Hall, Booth, Smith & Slover, Richard N. Sheinis, William F. Holbert*, for appellee.

---

[17] (Citation and punctuation omitted.) Id. at 6, 7.

[18] See *Hillhaven Rehabilitation &c. Center v. Patterson*, 195 Ga. App. 70, 72 (2) (392 SE2d 557) (1990) (affirming denial of summary judgment on ordinary negligence claim concerning failure of nursing home staff to assist patient getting in and out of bed); *Peterson v. Columbus Med. Center Foundation*, 243 Ga. App. 749, 755 (2) (533 SE2d 749) (2000) (reversing grant of motion to dismiss ordinary negligence claim concerning health care provider's failure to communicate results of medical tests).