A97A1122. TUCKER FEDERAL SAVINGS & LOAN
ASSOCIATION v. BALOGH.
(491 SE2d 915)

BLACKBURN, Judge.

We granted Tucker Federal Savings & Loan Association's (the bank's) application for interlocutory appeal to review the trial court's denial of its motion for summary judgment in this negligence action. Sylvia Balogh, individually and as the administrator of the Estate of Gabor Balogh, deceased, filed the underlying action to recover damages for the wrongful death of Gabor Balogh. Balogh contends that the bank's negligence during an armed robbery resulted in Gabor Balogh's death.

The standard of review of the trial court's denial of the bank's motion for summary judgment is a de novo review of the evidence to determine whether there is any genuine issue of material fact as to the elements required to establish the causes of action stated in the complaint. *Artlip v. Queler*, 220 Ga. App. 775, 776 (470 SE2d 260) (1996). To obtain summary judgment, the bank as the moving party must demonstrate that there is no genuine issue of material fact, and that the material evidence, viewed in the light most favorable to the nonmoving party, warrants judgment as a matter of law. OCGA § 9-11-56. See generally *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d

474) (1991).

On December 18, 1993, Michael Wayne Nance robbed the Lilburn branch of the defendant's bank. Wendy Schlenz, a bank teller, deposed that after she asked Nance if she could help him, he pulled a mask down, pulled out a gun, and told her to put all the money in the bag. Nance was cussing and threatening to shoot everyone. Schlenz put the money in the bag and included a dye pack.[1] Schlenz deposed that after she put the dye pack in the bag, Nance told her not to give him any "dye money." Schlenz did not tell him she had used a dye pack.

After Nance left the bank, he was seen in his car as red smoke started to come from the car, presumably from the exploding dye pack. Nance left his car and ran across the street. The decedent was backing his car out of a store parking lot when Nance ran up and jerked the driver's side door open. Nance told the decedent to get out of the car and then shot and killed him. Nance ran away, but was later apprehended.

"To state a cause of action for negligence in Georgia, the following elements are essential: (1) A legal duty to conform to a standard of conduct raised by the law for the protection of others against unreasonable risks of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and, (4) some loss or damage flowing to the plaintiff's legally protected interest as a result of the alleged breach of the legal duty." (Punctuation omitted.) *Anneewakee, Inc. v. Hall*, 196 Ga. App. 365, 367 (1) (396 SE2d 9) (1990).

Balogh contends that the bank was negligent by using the dye pack, asserting that it knew or should have known that the use of a dye pack would render the get-away car virtually useless. She claims that such action created a hazardous condition because the robber was carrying a gun and would attempt to get away in whatever way possible. However, she has failed to present evidence as to how the bank breached any duty it owed to the decedent. Accordingly, her contentions are without merit for several reasons.

First, the Code of Federal Regulations specifically provides for the use of chemical and electronic devices. See 12 CFR § 216.3 (a) (2) (ii). Second, the evidence is uncontroverted that the teller put the dye pack into the bag prior to the robber threatening violence if the dye pack was used. Although Balogh contends that this fact is controverted, a review of the evidence cited by Balogh indicates that a bank employee testified that "[t]hroughout the robbery [the robber] basi-

---

[1] Dye packs contain a small transmitter and a small charge that emit dye and tear gas when activated. The pack is activated by transmitters in the ceiling of the bank near the exit.

cally said give me all your money and threw some bags on the counter. He told me that if the police, he said if the police come I am going to blow your f_ _ _ ing heads off. If you give me the dye things, I will come back and kill you. Hurry up. I am just kind of repeating those type sentiments." This testimony only reveals what was said *throughout* the robbery, it does not indicate the timing of the robber's comments, and it in no way controverts the teller's direct testimony that she had put the dye pack into the bag prior to the robber making threats regarding dye packs. Third, the bank was unable to control or predict the robber's actions.

Furthermore, even assuming the bank's actions were negligent, "[g]enerally, an independent, intervening criminal act of a third party, without which the injury would not have occurred, will be treated as the proximate cause of the injury superseding any negligence of the defendant unless the intervening criminal act is a reasonably foreseeable consequence of the defendant's negligent act." (Punctuation omitted.) *Collie v. Hutson*, 175 Ga. App. 672, 673 (2) (334 SE2d 13) (1985). See also *Strickland v. DeKalb Hosp. Auth.*, 197 Ga. App. 63 (2) (d) (397 SE2d 576) (1990); *Anneewakee, Inc.*, supra at 367. "Although under Georgia law questions of negligence and proximate cause are ordinarily for the jury, plain and indisputable cases may be decided by the court as a matter of law. In such plain cases the inquiry is not whether the defendant's conduct constituted a cause in fact of the injury, but rather whether the causal connection between that conduct and the injury is too remote for the law to countenance a recovery." (Punctuation omitted.) *Strickland*, supra at 67. OCGA § 51-12-9 provides that "[d]amages which are the legal and natural result of the act done, though contingent to some extent, are not too remote to be recovered. However, damages traceable to the act, but which are not its legal and natural consequence, are too remote and contingent to be recovered." Based upon the bank's lack of control over the circumstances of the robbery, including the robber's actions, we find that Balogh's damages are too remote to arise from any action taken by the bank. See *Strickland*, supra; *Anneewakee, Inc.*, supra. Compare *Bradley Center v. Wessner*, 250 Ga. 199 (296 SE2d 693) (1982) (mental institution held liable for releasing decedent's estranged husband on an unrestricted weekend pass despite knowing of his intention to kill his wife).

Our review of the evidence indicates that the bank has shown that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Therefore, the trial court erred in denying its motion for summary judgment.

*Judgment reversed. Pope, P. J., and Johnson, J., concur.*

DECIDED SEPTEMBER 11, 1997.

*Goldner, Sommers, Scrudder & Bass, Susan V. Sommers, Jane C. Taylor*, for appellant.

*Troy A. Gay*, for appellee.