A01A0060. DRY STORAGE CORPORATION et al. v. PISCOPO.
(550 SE2d 419)

JOHNSON, Presiding Judge.

In May 1996, Tracy Piscopo was injured when the vehicle he was riding in was hit from behind by a vehicle driven by an employee of Dry Storage Corporation. Piscopo filed a claim for, and ultimately received, workers' compensation benefits from his own employer. He began a course of treatment, primarily chiropractic, for a slipped disc in his back.

In January 1997, Piscopo's chiropractor released him to perform

light duty work. Piscopo's employer made light duty work available. And Piscopo returned to work, but only for one day.

In February 1997, a doctor evaluated Piscopo on behalf of the workers' compensation carrier. The doctor concluded that Piscopo's back injuries were actually related to an injury that he had suffered in 1989 and thus pre-dated the 1996 accident. The doctor further concluded that Piscopo's complaints of pain were inconsistent with the medical findings of his condition. The doctor therefore recommended that Piscopo be released to unrestricted activities with no further medication or treatment.

On March 9, 1997, less than a month after that independent medical evaluation, and more than nine months after the motor vehicle accident, Piscopo made a videotape of himself explaining to his family why he wanted to commit suicide and how his property was to be distributed after his death. On the tape, he said that he could no longer live with the pain and that he knew what he was about to do was a sin. Immediately after making the videotape, Piscopo killed himself.

His mother, Martha Piscopo, sued Dry Storage and Genesis Insurance Company, alleging that they are liable for her son's wrongful death. Dry Storage and Genesis moved for summary judgment on the ground that the accident did not cause the suicide, which was an unforeseeable intervening act for which Dry Storage and Genesis cannot be held liable. In response to the motion, Martha Piscopo filed the affidavit of a psychologist who, based in part upon his review of Tracy Piscopo's medical records and the videotape, opined that Tracy Piscopo killed himself because he was overwhelmingly depressed and angry about his injuries from the accident.[1] The trial court found that this affidavit created a genuine issue of material fact as to whether the accident had caused the suicide and therefore denied the summary judgment motion.

Dry Storage and Genesis applied to this court for interlocutory review of the trial court's denial of their summary judgment motion. We granted the application. Because the trial court erred in finding that there is a triable issue of fact, we reverse the court's denial of Dry Storage's and Genesis' summary judgment motion.

The operative question for us is whether the motor vehicle accident was the proximate cause of Piscopo's suicide or whether the suicide was an unforeseeable act that was not caused by the accident. As a matter of law, we must conclude that the accident was not the proximate cause of Piscopo's taking of his own life.

---

[1] Martha Piscopo also filed the affidavit of a counselor who gave his opinion of Tracy Piscopo's mental state, but the trial court struck this affidavit as being beyond the scope of the counselor's expertise.

It is true that on the videotape Piscopo makes an apparent connection between the accident and his suicide by stating that he can no longer live with the pain that he attributes to the accident. In spite of that connection, from a legal point of view, proximate cause means that the suicide must have been a foreseeable result of the negligence of the tortfeasor. " '[N]egligence is not actionable unless it is the proximate cause of the injury. A wrongdoer is not responsible for a consequence which is merely possible, according to occasional experience, but only for a consequence which is probable, according to ordinary and usual experience.' "[2]

Generally, suicide is an unforeseeable intervening cause of death which absolves the tortfeasor of liability.[3] Although, there is an exception to this general rule: Where the tortfeasor's wrongful act causes the injured party to kill himself during a rage or frenzy, or in response to an uncontrollable impulse, the wrongful act is considered to be the proximate cause of the suicide.[4]

In the instant case, contrary to the trial court's ruling, this exception does not apply. There is no evidence that Piscopo was in a rage or frenzy or had an uncontrollable impulse, when he committed suicide. Having studied the videotape, we understand how the psychologist determined that Piscopo was depressed and angry. His pain — whether physical, psychological or emotional — is obvious, and he does attribute his pain to the accident. But it is also apparent on the tape that Piscopo was calm and deliberate. He was not enraged, frenzied or under an uncontrollable impulse. On the contrary, he appears to have been in control of himself and to have known exactly what he was doing. Even though the psychologist's affidavit states that Piscopo was depressed and angry, it does not provide that Piscopo killed himself some nine months after the accident due to a rage, frenzy or uncontrollable impulse caused by the accident.

We accordingly hold that the suicide was an unforeseeable intervening act for which Dry Storage and Genesis are not liable. Because there are no genuine issues of material fact on the issue of whether the traffic accident caused the unforeseeable intervening suicide, the trial court erred in denying Dry Storage's and Genesis' motion for summary judgment.[5]

*Judgment reversed. Ruffin and Ellington, JJ., concur.*

---

[2] *Morris v. Baxter*, 225 Ga. App. 186, 187 (483 SE2d 650) (1997).
[3] *Appling v. Jones*, 115 Ga. App. 301, 303 (1) (154 SE2d 406) (1967).
[4] Id. at 303.
[5] See *Kobeck v. Nabisco, Inc.*, 166 Ga. App. 652, 654 (3) (305 SE2d 183) (1983).

DECIDED JUNE 7, 2001.

*Gorby, Reeves, Peters & Burns, Michael S. Reeves, Christine A. Carson*, for appellants.

*Drew, Eckl & Farnham, Katherine D. Dixon, Stephen W. Nicholas, Joe A. Weeks*, for appellee.