**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Arthur State Bank, Respondent,

v.

Quentin S. Broom, Jr., Amy B. Broom a/k/a Amy Broom, Ann G. Broom, and Russell A. Broom, Appellants.

Appellate Case No. 2013-001967

―――――――――

Appeal From Spartanburg County
J. Derham Cole, Circuit Court Judge

―――――――――

Unpublished Opinion No. 2015-UP-092
Submitted November 1, 2014 – Filed February 25, 2015

―――――――――

**AFFIRMED**

―――――――――

Larry Lee Plumblee, of Eppes & Plumblee, PA, of Greenville, for Appellants.

Louise Myers Johnson, of Columbia, and Sarah Patrick Spruill, of Greenville, both of Haynsworth Sinkler Boyd, PA, for Respondent.

―――――――――

**PER CURIAM:** In this foreclosure action, Defendants Quentin S. Broom, Jr. (Quentin), Amy Broom (Amy), Ann G. Broom (Ann), and Russell Broom (Russell) appeal the grant of summary judgment on their amended counterclaims for violation of the Gramm-Leach-Bliley Act (the Act),[1] breach of contract, and negligence. We affirm.[2]

Respondent Arthur State Bank (Bank) filed this action against Defendants seeking foreclosure of two notes. Defendants answered and counterclaimed, alleging that Bank breached its statutory and common law duties to maintain their privacy by disclosing their personal financial information in response to a subpoena issued in the lawsuit that Quentin had filed against other parties who are not involved in this appeal. After Bank moved under Rule 12(b)(6) of the South Carolina Rules of Civil Procedure to dismiss the counterclaim, Defendants moved to amend their responsive pleadings by clarifying their allegations and adding additional defenses and counterclaims. In their proposed amended pleadings, Defendants asserted that Bank, in response to a subpoena in the prior lawsuit, provided their personal bank account information to a third party without informing them. Defendants alleged Bank's actions constituted: (1) violation of the Act, (2) breach of contract, and (3) negligence.

The matter came before the trial court on Bank's motion to dismiss. Immediately before the hearing, Bank consented to Defendants' motion to amend, and the parties agreed that the trial court's adjudication of Bank's motion to dismiss would apply to the amended counterclaims. Several months after the hearing, the trial court issued an order dismissing the amended counterclaims. In the order, the court noted it considered evidence outside the pleadings and thus treated Bank's motion as one for summary judgment. *See* Rule 12(b), SCRCP ("If, on a motion asserting the defense . . . to dismiss for failure of the pleading to state facts sufficient to constitute a cause of action, matters outside the pleading are presented to and not excluded by the Court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . . .").

1. The trial court ruled Defendants could not proceed on their counterclaim for violation of the Act for two reasons: (1) the Bank provided Defendants' bank

---

[1] 15 U.S.C. §§ 6801-6809.

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.

account information in response to a duly issued subpoena in a judicial proceeding and (2) there is no private right of action for an alleged violation of the Act. We agree with both rulings.

The Act prohibits a financial institution from disclosing to nonaffiliated third parties a consumer's nonpublic information unless the institution provides notice of the disclosure to the consumer. This prohibition does not apply to disclosure of such information "to comply with a properly authorized . . . subpoena . . . by Federal, State, or local authorities." 15 U.S.C. § 6802(e)(8). Furthermore, under Rule 45(a)(3), SCRCP, "[a]n attorney *as officer of the court* may also issue and sign a subpoena *on behalf of a court in which the attorney is authorized to practice*." (emphases added). Therefore, although Defendants correctly noted that the subpoena to which Bank was responding was served by a private attorney in the lawsuit, that attorney's acts of issuing and signing the subpoena were undertaken in the attorney's capacity as an officer of the court and on behalf of the court rather than in the attorney's capacity as the advocate for an adverse party in the case.

As to Defendants' right to file a private action for an alleged violation of the Act, 15 U.S.C. § 6805 expressly provides that it "shall be enforced by the Bureau of Consumer Financial Protection, the Federal functional regulators, the State insurance authorities, and the Federal Trade Commission . . . . ." *See also Dunmire v. Morgan Stanley DW, Inc.*, 475 F.3d 956, 960 (8th Cir. 2007) ("No private right of action exists for an alleged violation of the [Act]."); *Wells Fargo Bank, N.A. v. Jenkins*, 744 S.E.2d 686, 687 (Ga. 2013) (recognizing there is no private right of action for an alleged violation of the terms of the Act).

2. Because Bank's release of the information pursuant to a subpoena did not violate the Act, we agree with the trial court's dismissal of Defendants' counterclaim for breach of contract. In the privacy notice included in the loan documents on which Defendants based their counterclaim, Bank agreed not to "disclose information about [the borrower] to anyone except as disclosed in this policy *or as permitted by law*." (emphasis added). Because Bank's compliance with the subpoena was proper under the Act, Bank did not breach any provision in the loan documents restricting its release of Defendants' information.

3. Finally, we agree with the trial court's determination that Defendants' counterclaim for negligence failed as a matter of law because Bank, in releasing Defendants' nonpublic information, was merely obeying a duly issued subpoena.

In reaching this conclusion, the trial court cited *Rycroft v. Gaddy*, 281 S.C. 119, 124, 314 S.E.2d 39, 43 (Ct. App. 1984), for the proposition that "[c]ommunications in judicial proceedings are absolutely privileged and are immune from an action for an invasion of privacy" and further noted that there was no motion or order to quash the subpoena, leaving Bank no other choice than to comply with it.

Defendants contend the trial court's reliance on *Rycroft* was misplaced because that decision pre-dated both the Act and the adoption of the South Carolina Rules of Civil Procedure.  They also contend Bank's own policy concerning protection of their private banking information prohibited the disclosure of this information except as "permitted by law."

We disagree with their argument that *Rycroft* has ceased to be controlling authority following the enactment of the Act and the adoption of the South Carolina Rules of Civil Procedure.  As we have noted, the restriction in the Act against disclosure of nonpublic information does not apply to disclosures pursuant to a valid subpoena. Although, as Defendants correctly point out, Ann, Amy, and Russell were not litigants in the action in which the subpoena was issued and thus were neither served with the subpoena nor afforded the opportunity to have it quashed, we have not found any legal authority or evidence in the record to support a finding that Bank had a duty to advise these individuals that it had been served with a subpoena for their records.  The principle for which the trial court cited *Rycroft* was not affected by the adoption of the South Carolina Rules of Civil Procedure, which provide only for "Protection of Persons Subject to Subpoenas" from "undue burden or expense."  Rule 45(c)(1), SCRCP.  Finally, as we noted in our discussion of Defendants' counterclaim for breach of contract, the disclosure of Defendants' private banking information was "permitted by law" because it was in response to a subpoena; therefore, Bank did not violate its own policy regarding protection of its customers' private banking information.

**AFFIRMED.**

**FEW, C.J., and THOMAS and LOCKEMY, JJ., concur.**